UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MOBILEISTIC, LLC,

                    Plaintiff,

         -against-

LA CROSSE TECHNOLOGY, LTD.,

                  Defendants.
------------------------------------------------------------------------X

Case No.:

**COMPLAINT**

Plaintiff, Mobileistic, LLC, by and through its attorneys, Certilman Balin Adler & Hyman LLP as and for its verified complaint against the defendant La Crosse Technology, Ltd, respectfully alleges as follows:

## SUMMARY OF THE ACTION

1.    This action based upon diversity of citizenship, is brought by plaintiff against the defendant for breach of contract, an account stated, constructive trust and attorney fees pursuant to certain written agreements between the parties.

2.    This action concerns the performance of a warehousing and distribution agreement entered into between the parties for the sale of cellular telephone equipment by the plaintiff to one of more third parties.

## PARTIES

3.    Plaintiff, Mobileistic, LLC (hereinafter referred to sometimes as "Mobileistic"), a citizen of the State of New York, is a Nevada limited liability company with its principal place of business at 205 Marcus Boulevard, Hauppauge, New York, 11788.

6780228.1

4.     Mobileistic is in the business of selling to wholesaler, retailer and cellular store operators and others, certain authorized cellular phone service equipment.

5.     Defendant La Crosse Technology, Ltd (hereinafter referred to sometimes as "La Crosse"), upon information and belief, a citizen of the State of Minnesota, is a Minnesota company with its principal place of business at 2809 Losey Boulevard South, La Crosse, Wisconsin 54601.

6.     La Crosse is in the business of providing distribution and warehousing services.

7.     By written agreement (the "Warehousing and Distribution Agreement," dated August 14, 2017) the plaintiff (as "Client") and defendant agreed to terms and conditions for distribution and warehousing services (the "Services") to be provided to plaintiff by defendant which included the storage and handling of cell phone and similar cases, EDI order processing, container unloading, master pack unboxing, order pulling/labeling, bill of lading creation/load planning, pallets, transmitting invoices, shipping labels, shrink wrap, routing and loading.

8.     It was further agreed that La Crosse will issue monthly invoices to Mobileistic which will be due by Mobileistic on net 15 days terms.

## JURISDICTION AND VENUE

9.     The jurisdiction of this court is properly invoked since this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States in accordance with 28 U.S.C. § 1332.

6780228.1

10.     Venue is proper in the Eastern District of New York on the grounds that Plaintiff's principal place of business is located at 205 Marcus Boulevard, Hauppauge, New York, 11788.

11.     The terms of the written agreement the parties have confers consent to the jurisdiction of the courts (both federal and state) located in New York.

## BACKGROUND

12.     Pursuant to the "Warehousing and Distribution Agreement" dated August 14, 2017 plaintiff opened an account with defendant whereby for the purpose of selling merchandise on credit to a third party, defendant accepted an appointment and engagement as set forth in the agreement.    The Warehousing and Distribution Agreement is annexed hereto as Exhibit A, and its provisions expressly incorporated herein by reference.

13.     The Warehousing and Distribution Agreement provides in relevant part:

> (i)     La Crosse hereby covenants and agrees that is shall, during the Term, perform the Services. La Crosse further covenants and agrees that it shall maintain accurate records and accounts of all transactions relating to the Services performed pursuant to this Agreement, consistent with standards customary for the Services being performed.

14.     The Warehousing and Distribution Agreement also provides in relevant part:

3

6780228.1

(b) <u>Client Obligations</u>. The Client hereby covenants and agrees that it shall pay La Crosse for the Services in accordance with Exhibit "A" of this Agreement.

15.     The Warehousing and Distribution Agreement further provided that the term of the Agreement would commence on August 14, 2017 and continue to June 30, 2018 (the "Term") but the same has been extended by course of performance.

16.     The intention behind the Warehousing and Distribution Agreement was to facilitate the transition from La Crosse as "Vendor of Record" with Walmart to Mobileistic as "Vendor of Record" with Walmart.

17.     Accordingly, the Warehousing and Distribution Agreement provides:

7. Walmart. La Crosse represents and warrants and agrees that it will assist Client and transfer/assign its position as "Vendor of Record" with Walmart to Client with respect to the Goods immediately upon Client obtaining "Vendor of Record" status with Walmart, and assist in transferring all accounts receivable and accounts payable and transfer all other required systems. La Crosse will cooperate in all respects to insure a smooth transition. Further, when "Vendor of Record" change is made to Mobileistic, all prior accounts receivable due La Crosse by Walmart will be transferred from La Crosse to Mobileistic as it is received and becomes due. All new orders from the date change of "Vendor of Record" will be paid directly to Mobileistic by Walmart.

4

18.     The change of "Vendor of Record" from La Crosse to Mobileistic has not yet occurred and as such all payments by Walmart for Mobileistic's "Goods" (see Exhibit "A") have been paid directly to La Crosse.

19.     Therefore, La Crosse is in possession of funds that belong to Mobileistic pursuant to the course of performance and intent of the parties.

20.     The value of the funds and "Goods" in defendant's possession is in flux, continuing to increase, due to the day to day operations and dealings of the parties.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Warehousing and Distribution Agreement)

21.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph 1 through 20 above as if fully set forth at length herein.

22.     Pursuant to the Warehousing and Distribution Agreement, as modified, defendant in indebted to plaintiff in the amount of $504,083.64.

23.     That on or about July 31, 2018 through the present, plaintiff sold and delivered to Walmart through defendant, and Walmart accepted, cellular phones, accessories, goods, wares and merchandise for the agreed price and reasonable value of $504,083.64, no part of which has been paid to plaintiff by defendant although defendant received said sums from Walmart on plaintiff's behalf.

24.     That despite demand, defendant has failed to pay the balance due and owing to plaintiff in the sum of $504,083.64.

25.     By numerous emails defendants admitted that it owes plaintiff the

5

6780228.1

sum of $504,083.64 and that it intended to pay said sum although full payment has been made.

26.     That by reason of the foregoing, plaintiff is entitled to judgment against defendant in the sum of $504,083.64, plus appropriate interest thereon as set forth in the Warehousing and Distribution Agreement from September 29, 2018.

## AS AND FOR A SECOND CAUSE OF ACTION
(Account Stated)

27.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph 1 through 26 above as if fully set forth at length herein.

28.     An account has been stated between plaintiff and defendant which shows a balance due and owing in the sum of $504,083.64.

29.     That defendant has received and retained such statements of accounts without objection being made thereto with any item thereon.   In fact, defendants have specifically in writing admitted the indebtedness. A true copy of a schedule of said statements are annexed hereto as Exhibit B, and the provisions of the underlying invoices is expressly incorporated herein by reference.

30.     That defendant has neglected and refused to pay plaintiff the said sum of $504,083.64 with interest thereon, although due and duly demanded.

31.     That by reason of the foregoing, an account has been stated between the parties and there remains due and owing from defendant to plaintiff, pursuant to said account stated, the sum of $504,083.64 with interest thereon as set forth

6780228.1

in the Warehousing and Distribution Agreement from September 29, 2018 and plaintiff is entitled to judgment thereon.

## AS AND FOR A THIRD CAUSE OF ACTION
(Constructive Trust)

32.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph 1 through 31 above as if fully set forth at length herein.

33.     That pursuant to the relevant written agreements between the parties, the defendant agreed to remit promptly to plaintiff funds owed to plaintiff due from the sale of Goods by plaintiff to Walmart but which Services surrounding said Goods were provided by defendant.

34.     The agreement between he parties created a confidential relationship between plaintiff and defendant.

35.     Retention of legal title by defendant of the funds at issue which were paid for plaintiff's Goods by Walmart, as against plaintiff would be inequitable under the circumstances.

36.     The existence of the trust sought here is essential to the effectuation of justice under the facts and circumstance of this matter.

37.     That based upon the foregoing, judgment should be entered directing defendant to pay over to plaintiff the sums due and that judgment be entered against the defendant for said sum as well as plaintiff's costs for attorneys' fees and court costs.

WHEREFORE, plaintiff respectfully demands judgment in its favor as follows:

6780228.1

(a) On its First Cause of Action against defendant in the sum of $504,083.64, plus appropriate interest thereon from September 29, 2018;

(b) On its Second Cause of Action against defendant in the sum of $504,083.64, plus appropriate interest thereon from September 29, 2018;

(c) On its Third Cause of Action against defendant in the sum of $504,083.64 and for plaintiff's attorneys' fees and court costs; and

(d) For such other, further and different relief as this Court may deem just, proper and equitable.

Dated:     East Meadow, New York
           February 7, 2019

                              CERTILMAN BALIN ADLER & HYMAN, LLP
                              Attorneys for Plaintiff


                              By: _____
                                    Anthony W. Cummings, Esq.
                                    Jaspreet S. Mayall, Esq.
                              90 Merrick Avenue – 9th Floor
                              East Meadow, New York 11554
                              (516) 296-7000

8

6780228.1